IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARNULFO DAVILA | § | |
| (BOP Register No. 32490-177), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:16-cv-1908-K-BN |
| | § | |
| RODNEY W. CHANDLER, Warden, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Arnulfo Davila, a federal prisoner incarcerated in the Northern District of Texas

and proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2241, in which he asserts one ground for why his convictions and concurrent

sentences should be vacated – that "there is no factual basis for the plea of guilty, for

possession of a firearm in furtherance of a drug trafficking crime." Dkt. No. 3. This

habeas action has been referred to the undersigned United States magistrate judge

pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States

District Judge Ed Kinkeade. The undersigned issues the following findings of fact,

conclusions of law, and recommendation that the Court should summarily dismiss

Davila's Section 2241 petition for lack of jurisdiction.

**Applicable Background**

Davila pleaded guilty pursuant to a written plea agreement to one count of

distribution of methamphetamine and one count of possession of a firearm in

furtherance of that crime. *See United States v. Davila*, No. 3:04-cr-194-K (01) (N.D. Tex.). His plea agreement contained the agreement of the parties, made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), "that the appropriate term of imprisonment in this case is for a period of twenty-five (25) years, followed by a mandatory term of supervised release of not less than ten … (10) years." *Id.*, Dkt. No. 56 at 3 (further providing that, "[o]ther than the agreed term of imprisonment, the Court remains free to determine the sentence it deems appropriate after consideration of the United States Sentencing Guidelines").

On September 27, 2005, Davila was sentenced to consecutive sentences of 240 months' imprisonment as to the drug count and 60 months' imprisonment as to the gun count, to be followed by a term of supervised release of 120 months as to the drug count and 60 months as to the gun count. *See id.*, Dkt. No. 68.

The United States Court of Appeals for the Fifth Circuit dismissed Davila's direct appeal for want of prosecution. *See id.*, Dkt. No. 72. And, more recently, the Court has denied his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on the 2014 retroactive amendments to the advisory sentencing guidelines. *See id.*, Dkt. No. 75. But the current motion is Davila's first attempt at seeking habeas relief.

### Legal Standards and Analysis

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "Federal courts

are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters as law and justice require." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Gatte v. Upton*, No. 4:14-cv-376-Y, 2014 WL 2700656, at *1 (N.D. Tex. June 13, 2014) ("Title 28, United State Code, section 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government." (footnote omitted)); *Montgomery v. United States*, EP-15-cv-373-PRM, 2016 WL 592846, at *5 (W.D. Tex. Feb. 11, 2016) ("a § 2241 petition is subject to summary dismissal if it appears from the face of the pleading that the petitioner is not entitled to relief" (citing *Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming such a summary dismissal))).

The Fifth Circuit recently summarized the law applicable to Davila's Section 2241 petition, in which he has invoked Section 2255's "savings clause," *see* 28 U.S.C. § 2255(e):

> Section 2255 provides "the primary means of collaterally attacking a federal sentence." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Section 2241, on the other hand, is used to challenge "the manner in which a sentence is executed." *Id.* A petition filed under § 2241 that raises errors that occurred at or prior to sentencing should be construed as a § 2255 motion. *Id.* at 877-78. However, under the savings clause, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained if the petitioner shows that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *see also* § 2255(e).
>
> [A petitioner] has the burden of showing that the § 2255 remedy is inadequate or ineffective. *See Wesson v. United States Penitentiary Beaumont, TX*, 305 F.3d 343, 347 (5th Cir. 2002). He must show that his claims are "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a

nonexistent offense" and were "foreclosed by circuit law at the time when the claim[s] should have been raised in [his] trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *see also Jeffers*, 253 F.3d at 830-31.

*Robinson v. United States*, 812 F.3d 476, 476-77 (5th Cir. 2016) (per curiam).

Asked to explain why Section 2255 "is inadequate or ineffective to challenge [his] conviction or sentence," Davila states:

> Petitioner was convicted, and sentenced on September 27, 2005, who, at the time, was unlearned in law and its proceedings and procedures, with a limited education, and unaware that an Appeal, or [challenge] through Habeas Corpus, were available to him, was left with no alternative but to continue with his time imposed and became time barred from collateral review, not for mistake or lack of diligence but for the lack of knowledge and/or monetary resources to retain counsel.

Dkt. No. 3 at 9.

This explanation fails to show, however, that Section 2255 is inadequate or ineffective, because Davila's Section 2241 petition raises no claim "that is based on a retroactively applicable Supreme Court decision" – which "establishes that the petitioner may have been convicted of a nonexistent offense" – and that "was foreclosed by circuit law at the time when it should have been raised in [his] trial, appeal, or first § 2255 motion." *Sanchez v. Chandler*, No. 4:15-cv-458-Y, 2015 WL 4486773, at *1 (N.D. Tex. July 23, 2015) (citing *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d at 904); *see also, e.g.*, *Paxson v. Tamez*, No. 4:11-cv-482-Y, 2011 WL 3702263, at *1 (N.D. Tex. July 19, 2011), *rec. adopted*, 2011 WL 3702093 (N.D. Tex. Aug. 22, 2011) ("One may not utilize § 2241 merely to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or restriction on

filing second or successive motions to vacate." (citing *Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000); *Tolliver*, 211 F.3d at 878)), *aff'd*, 470 F. App'x 300 (5th Cir. 2012) (per curiam).

As Davila seeks to "utilize § 2241 merely to avoid procedural hurdles presented under § 2255," *Paxson*, 2011 WL 3702263, at *1, and because he "has not met all three criteria required to invoke the savings clause," Section 2255(e), his claims are "not cognizable in a § 2241 petition," and the Court is "without jurisdiction to consider the petition," *Sanchez*, 2015 WL 4486773, at *2 (citing *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003)).

## Recommendation

The Court should summarily dismiss the petition for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 16, 2016

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE